**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Graff, surviving parent of Keith Graff, individually and on behalf of the Estate of Keith Graff, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>Taser International, Inc, an Arizona corporation; Black Businesses I-X; White Corporations I-X; XYZ Partnerships I-X; John Does I-X and Jane Does I-X, et al.<br><br>  Defendants. | No. CV-06-2166-PHX-SMM<br><br>**ORDER** |

Currently before the Court is Plaintiff's Motion to Remand Proceedings to State Court (Doc. 23) and an Amended Motion to File a First Amended Complaint against Taser International (Doc. 28). After careful consideration the Court rules the following.

Rule 15(a) authorizes the amendment of pleadings by leave of the Court that "shall be freely given when justice so requires." The Plaintiff attempted to settle all of the claims at a settlement conference on March 21, 2007. Claims between the Plaintiff and the City and its officers successfully settled; however, the representatives of Taser International, Inc. declined to attempt settlement. Thereafter, the Court signed an order (Doc.) dismissing all of the claims against the City of Phoenix and the named officers. Consequently, Plaintiff currently desires to move forward with this lawsuit against remaining Defendant Taser by amending the Complaint to accurately depict the parties and claims involved in this case. Furthermore, Plaintiff has not added any new claims against Taser in the proposed Amended Complaint.

1     Plaintiff further requests that this Court remand this matter to state court because the
2 only jurisdictional basis for removal from state court to this Court will be removed if this
3 Court grants this motion to amend Plaintiff's Complaint. Plaintiff's proposed amended
4 complaint does not include a federal civil rights claim, as the City and the officers have been
5 dismissed from the case. Therefore, the only claims remaining are state law causes of action
6 for negligence, products liability, breach of implied warranty, breach of warranty, fraudulent
7 misrepresentation, negligent misrepresentation and wrongful death, all of which were
8 originally filed in state court prior to removal. The amended complaint includes no new
9 theory of liability against Taser, instead omitting the claims against the city and its officers
10 who have settled; thus, the permitting Plaintiff to amend the complaint is in the interest of
11 justice and will not prejudice Taser. Furthermore, it is in the interests of justice to grant the
12 motion to remand this matter to state court, from where it was originally removed, because
13 the jurisdictional basis for the removal has been dismissed in its entirety. See, 28 U.S.C.A.
14 § 1447(c) and *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S.Ct. 2411(2007).

15     Accordingly,

16     **IT IS HEREBY ORDERED GRANTING** Plaintiff's Amended Motion to File
17 Amended Complaint Against Taser (Doc. 28).

18     **IT IS FURTHER ORDERED** permitting the filing of Plaintiff's Amended
19 Complaint against Taser in the form attached to the original Motion (Doc.24-2).

20     **IT IS FURTHER ORDERED GRANTING** Plaintiff's Motion to Remand
21 Proceedings to State Court (Doc. 23).

22     **IT IS FURTHER ORDERED DENYING as MOOT** Taser's Motion to Dismiss for
23 Lack of Prosecution (Doc. 34).

24     DATED this 12th day of May, 2008.

25

26

27                               Stephen M. McNamee
28                                 United States District Judge